# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| PATRICK J. VITAL and RUSSELL MARCHEWKA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE WORLD COMPANY, LLC, a foreign limited liability company, dba ONE WORLD ENTERPRISES, LLC, a foreign limited liability company, aka ONE NATURAL EXPERIENCE,<br><br>Defendants. | CASE NO.: SACV 12-00314-CJC (MLGx)<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: Hon. Cormac J. Carney |

Pursuant to the Joint Stipulation for Approval of Protective Order between Plaintiffs PATRICK J. VITAL and RUSSELL MARCHEWKA and Defendant ONE WORLD COMPANY, LLC. dba ONE WORLD ENTERPRISES, LLC aka ONE NATURAL EXPERIENCE (the "Parties"), and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery, IT IS HEREBY ORDERED as follows:

1. **Designation of Confidential or AEO Information**.

"CONFIDENTIAL MATERIALS" refers to any materials that are stamped with "Confidential" or "Confidential – Subject to Protective Order." Such materials may be so designated if they contain confidential financial, health, trade

secrets, proprietary, or other personal or commercial information that in the good faith belief of such party and its counsel the unrestricted disclosure could cause injury to such party's competitive position or be potentially prejudicial to the business or operations of such party. "AEO MATERIALS" refers to any materials that are stamped with "AEO," "Attorneys' Eyes Only," or "AEO – Subject to Protective Order." Such materials may be so designated only if, in the good faith belief of such party and its counsel, the information is such that, if disclosed, it could readily be exploited for commercial advantage by a competitor, or is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, or other sensitive commercial information. Documents may be designated as CONFIDENTIAL MATERIALS or AEO MATERIALS at any time, including after a document is produced without such a designation, with the effect that such document is thereafter subject to the provisions of this Protective Order, and the earlier failure to designate a document as CONFIDENTIAL or AEO shall not constitute a waiver of such claim. Any documents designated as CONFIDENTIAL or AEO MATERIALS prior to entry of this Order shall be treated the same in all respects as documents designated as CONFIDENTIAL or AEO MATERIALS after the entry of this Order.

2. **Work Product that Includes CONFIDENTIAL or AEO MATERIALS**.

CONFIDENTIAL or AEO MATERIALS also include those portions of any notes, work papers, or other work product that contains confidential information from documents designated as CONFIDENTIAL or AEO MATERIALS.

3. **Definition of Litigation**.

As used herein "Litigation" refers only to the above-captioned action and any appeals thereof and shall not include any related cases or proceedings.

///

4. **Limitations on Disclosure of Confidential Information**.

Discovery materials designated CONFIDENTIAL MATERIALS, and information derived therefrom, shall be maintained in confidence by the Party to whom such materials are produced or given. The Party receiving CONFIDENTIAL MATERIALS shall use them solely for purposes of this Litigation and not in any other proceeding or litigation; shall not use them for any other purpose, including, without limitation, any business, investment, or commercial purpose; and shall not disclose them to any person or entity except the following qualified recipients:

    a. The Parties and their counsel, including attorneys, paralegals, and stenographic and clerical staff employed by such counsel;

    b. Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

    c. The Court, settlement officers and/or mediators, and any members of their staff to whom it is necessary to disclose the information;

    d. Outside consultants and experts retained by a Party or the Party's counsel to assist in this Litigation, or witnesses or deponents in advance of and in preparation for testimony, provided that each such third party has been provided a copy of this Protective Order and has signed an Acknowledgement of Protective Order substantially similar to Exhibit A hereto acknowledging receipt of the Order, their agreement to be bound by it, and their consent to personal jurisdiction before this Court;

    e. Other persons, provided that (1) the producing party has consented in writing to disclosure to such other person, and (2) such other person has been provided a copy of this Protective Order and has signed a receipt acknowledging the receipt of the Order, their agreement to be bound by it, and their consent to personal jurisdiction before this Court;

///

   f. Deponents in depositions in this Litigation who are provided any CONFIDENTIAL or AEO MATERIALS, subject to the provisions of paragraphs 10-12 of this Protective Order; and

   g. Any copy services or other service providers engaged by the Parties or their counsel to assist in this Litigation, provided that each such third party has been provided a copy of the Protective Order and has signed a receipt acknowledging the receipt of the Order, their agreement to be bound by it, and their consent to personal jurisdiction before this Court.

  Discovery materials designated as AEO MATERIALS shall be subject to the same protections outlined above in this Paragraph 4 with regard to CONFIDENTIAL MATERIALS, with the additional limitation that they shall not be disclosed to any party or non-counsel party representative, with the exception of one (1) party representative who has executed an Acknowledgement of Protective Order substantially similar to Exhibit A attached hereto.

  5. **Protection of CONFIDENTIAL and AEO MATERIALS**.

  Counsel shall take all reasonable and necessary steps to assure the security of any CONFIDENTIAL and AEO MATERIALS and will limit access to CONFIDENTIAL and AEO MATERIALS to only those persons authorized by this order.

  6. **Retention of Receipts**.

  Counsel to whom CONFIDENTIAL or AEO MATERIALS are disclosed shall keep in their files copies of the originals of the signed receipts required by the Protective Order.

  7. **Determination of Confidentiality**.

  This Protective Order shall not foreclose any party from moving this Court for an order finding that specific discovery materials are not subject to the provisions of this Order. Pending the resolution of such a motion, the materials shall continue to be treated as CONFIDENTIAL or AEO MATERIALS.

8. **Supplemental Orders**.

This Protective Order shall not foreclose any party from moving the Court for an order relieving the party of the effect of the Order or from applying to the Court for further or additional protective orders. In addition, the Parties may agree among themselves to a modification of this Protective Order, subject to the approval of the Court.

9. **Return of CONFIDENTIAL and AEO MATERIALS**.

Within thirty (30) days after the final termination of this Litigation, each person and/or entity who received CONFIDENTIAL or AEO MATERIALS shall (1) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

10. **Use of CONFIDENTIAL or AEO MATERIALS at Depositions**.

If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose CONFIDENTIAL or AEO MATERIALS, or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL or AEO MATERIALS, such counsel may so notify requesting counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, supporting personnel identified in Paragraph 4, parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript as CONFIDENTIAL or AEO. A Party may also designate all or part of a deposition transcript as CONFIDENTIAL or AEO MATERIAL within 30 days of its receipt of the transcript by letter to the court reporter, with a copy provided to counsel for the other Parties.

11. **Effect of Confidential Designation of Deposition Transcripts**.

The transcript or portions of the transcripts of depositions that have been designated confidential shall be treated as CONFIDENTIAL MATERIALS. The transcript or portions of the transcripts of depositions that have been designated AEO shall be treated as AEO MATERIALS.

12. **Use of Transcripts of Depositions**.

No copy of the portion of any deposition transcript that is designated in whole or in part as containing CONFIDENTIAL or AEO MATERIALS shall be prepared for or furnished by the court reporter to any person other than to counsel for parties, and shall be provided only to the relevant persons identified in paragraph 4.

13. **Privileges**.

Except as expressly set forth herein, nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, or trade secret or other confidential research, development, or commercial information.

Pursuant to Federal Rules of Evidence 502(d) and (e), neither the attorney-client privilege nor the work product doctrine shall be waived by disclosure of any document or information by any Party to any other Party or by any third party providing documents in response to a subpoena issued in connection with this case. No Party shall assert that any other Party or third party has waived any such privilege or protection solely as a result of such disclosure of documents or information subject to a claim of privilege or protection, whether or not such production or disclosure was preceded by any review or effort to identify such privileged or protected documents or information prior to production. Nothing contained herein, however, shall preclude or restrict the right of any Party or third party (1) to perform a review for the purpose of identifying privileged or protected documents or information prior to the disclosure thereof if the Party or third party

chooses to do so, or (2) to withhold the production or disclosure of any document or information that the Party or third party believes to be privileged or protected.

14. **Use of CONFIDENTIAL and AEO MATERIALS in Discovery, Motions, and Trial**.

CONFIDENTIAL and AEO MATERIALS may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, and to prepare for trial, all subject to provisions of this Protective Order or any further order regarding confidentiality as this Court may enter.

15. **Use of CONFIDENTIAL and AEO MATERIALS in Other Proceedings**.

No CONFIDENTIAL or AEO MATERIALS may be used in connection with any litigation, matter, or proceeding other than the Litigation, without a court order to that effect.

16. **Filing Under Seal**.

In the event that any party to this litigation discloses CONFIDENTIAL or AEO MATERIALS in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing party shall seek permission from the Court to file the CONFIDENTIAL or AEO MATERIALS in question under seal; and also provided, however, that the paper shall be furnished to the Court and the attorneys for the Parties, and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible. The Parties acknowledge that designation of materials as CONFIDENTIAL or AEO MATERIALS does not automatically entitle the Parties to have such information filed under seal and that any application to file documents under seal should seek to file under seal only those portions of the documents that contain confidential information, *see, e.g.*, *Kamaka v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question. Any party filing materials designated as

CONFIDENTIAL or AEO MATERIALS by another party shall state in its application to file under seal that the reason for the application is the filing's inclusion of materials designated as CONFIDENTIAL or AEO MATERIALS by another party pursuant to the terms of this order, and shall give notice to the designating party. Such an application is sufficient to comply with the terms of this paragraph, and to the extent necessary, it shall be the producing party's burden to demonstrate, through appropriate submissions to the Court, the need for sealing of such CONFIDENTIAL or AEO MATERIALS.

17. **Use at a Hearing or Trial**.

Nothing in this Protective Order shall preclude the use of discovery materials designated CONFIDENTIAL or AEO MATERIALS in a hearing or trial. Subject to the discretion of the Court, a party may request that the Court maintain the confidentiality of discovery material designated CONFIDENTIAL or AEO MATERIALS during all court proceedings, including the trial or any appeal of this action; provided, however, that nothing herein prevents any other party from opposing such request. Any party who wishes to submit CONFIDENTIAL or AEO MATERIALS to the Court in connection with trial or a hearing must notify the producing party seven (7) business days prior to such trial or hearing, to allow the producing party sufficient opportunity to move the Court to take appropriate measures to preserve the confidentiality of the CONFIDENTIAL or AEO MATERIALS. If, under the circumstances, seven (7) business days advance notice is impractical, a party shall give advance notice that is reasonable under the circumstances to the producing party, which shall in no event be less than 24 hours prior to submission.

18. **Return of Documents**.

Within five business days of notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be

made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the producing party's option, destroy any and all copies of such document or other discovery material and shall refrain from utilizing said document or discovery material in any manner or form including specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever. Within five business days of the notification that such document or discovery material has been returned or destroyed, the disclosing party shall produce a privilege log with respect to such document or discovery material. Nothing in this paragraph shall prevent a receiving party from challenging the producing party's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) any review by the Court of the materials in question is conducted *in camera,* and (b) the challenge shall not assert as ground or basis that the producing party waived any privilege or protection because of the disclosure thereof.

19.     **Actions to Protect CONFIDENTIAL or AEO MATERIALS**.

In the event that a court of competent jurisdiction determines that there is an actual or threatened breach of the agreement by the party who received the CONFIDENTIAL or AEO MATERIALS, the Parties agree that the party providing the CONFIDENTIAL or AEO MATERIALS would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Protective Order, in addition to any other remedy to which the party may be entitled at law or in equity.

20.     **Discovery Disputes Concerning Application of this Order**.

Any party to this litigation objecting to the designation of any CONFIDENTIAL or AEO MATERIALS during this Litigation or the application of any provision of this Protective Order may seek an order vacating the designation or the application of said provision. The designating party shall have

the burden of demonstrating that the material or testimony should be given confidential treatment or other protection.

21. **Notice of Court Subpoena or Order**.

If another court or government or administrative agency subpoenas or orders production of CONFIDENTIAL or AEO MATERIALS that a party has obtained under the terms of this Protective Order, such party shall within five (5) business days notify the attorneys of record of the party or other person who produced the CONFIDENTIAL or AEO MATERIALS of the pendency of such subpoena or order, and shall furnish those attorneys of record with a copy of said subpoena or order and shall not produce any CONFIDENTIAL or AEO MATERIALS for a period of at least five (5) days after providing the required notice to the producing party. If, within five (5) days of receiving such notice, the producing party gives notice to the receiving party that the producing party opposes production of some or all of the CONFIDENTIAL or AEO MATERIALS in the receiving parties' possession, custody or control, the receiving party shall so inform the party seeking the Confidential Materials from the receiving party and shall explain, citing this Order, that production of the CONFIDENTIAL or AEO MATERIALS is prohibited by this Order except pursuant to a court order requiring compliance with the subpoena, order or other legal process. The producing party shall be solely responsible for any objection to the requested production. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of CONFIDENTIAL or AEO MATERIALS covered by this Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event CONFIDENTIAL or AEO MATERIALS are produced to a non-party to this Order, such CONFIDENTIAL or AEO MATERIAL shall continue to be treated as CONFIDENTIAL or AEO MATERIAL in accordance with this Order.

///

22. **No Waiver of Rights**.

Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

23. **Effect on Scope of Discovery**.

Nothing in this Protective Order shall in any way expand or limit the permissible scope of discovery in this Litigation.

24. **Other Parties and Third Parties**.

Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to CONFIDENTIAL or AEO MATERIALS only by additional order of the Court or by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this Protective Order. Third parties providing discovery materials in response to a subpoena may gain the benefits of this Order with respect to any documents or discovery materials they produce by executing the receipt described in paragraph 4(f) above; by so signing, those parties will also assume all the duties and obligations required under this Order.

25. **Party's Use of Own CONFIDENTIAL or AEO MATERIALS**.

This Protective Order has no effect upon, and shall not apply to, a producing party's use of its own CONFIDENTIAL or AEO MATERIALS for any purpose.

26. **Miscellaneous Provisions.**

It is expressly understood by and between the Parties that in producing CONFIDENTIAL or AEO MATERIALS in this Litigation, the Parties are relying upon the terms and conditions of the Protective Order.

/ / /

/ / /

/ / /

1  This Protective Order shall continue in force until amended or superseded by
2  express order of the Court, and shall survive any final judgment or settlement in
3  this Action.
4  IT IS SO ORDERED:
5  This the 30th day of August , 2012.

**MARC L. GOLDMAN**
_____
HON. MARC L. GOLDMAN
United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| PATRICK J. VITAL and RUSSELL MARCHEWKA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ONE WORLD COMPANY, LLC, a foreign limited liability company, dba ONE WORLD ENTERPRISES, LLC, a foreign limited liability company, aka ONE NATURAL EXPERIENCE, <br><br> Defendants. | CASE NO.: SACV 12-00314-CJC (MLGx) <br><br> <u>CLASS ACTION</u> |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I certify that I have received a copy of the Protective Order dated _____ (the "Protective Order").

I further certify that I have read and fully understand the contents of the Protective Order and that, unless otherwise indicated, terms capitalized herein have the same meaning set forth in the Protective Order.

I understand and agree to comply with the terms set forth in the Protective Order. I also understand that compliance with those terms is a condition of receipt of CONFIDENTIAL or AEO MATERIALS and that a failure to comply may constitute contempt of the Court and/or violation of applicable laws. I, therefore, consent to the exercise of personal jurisdiction by this Court for purposes of enforcement of this Protective Order.

_____     _____
DATE SIGNED                                    SIGNATURE

_____
NAME